## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LORETTA MAULDIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-437-SPS** |
| | ) | |
| **RYAN D. MCCARTHY,** | ) | |
| **Secretary, U.S. Department of the Army,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This case arises of the Plaintiff Loretta Mauldin's employment at the McAlester Army Ammunition Plant in McAlester, Oklahoma.  The Plaintiff has sued the United States, through Ryan D. McCarthy, Secretary of the U.S. Department of the Army, alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA) and Title VII based on retaliation, age discrimination, and gender discrimination.  The Defendant now seeks dismissal of the Plaintiff's Amended Complaint.  For the reasons set forth below, the Court finds that the Defendant's Motion to Dismiss Amended Complaint [Docket No. 15] should be GRANTED.

### I. Procedural History

The Plaintiff states in her Amended Complaint that she was employed at the McAlester Army Ammunition Plant in McAlester, Oklahoma beginning January 1991, and has most recently served in the position of Explosives Operator Supervisor, WS-6502-06. In April 2018, the Plaintiff applied for the position of Explosives Operator Supervisor, WS-

6502-9, which would have been a promotion in terms of job duties, supervisory authority, and pay.  Plaintiff was not given the promotion.  *See* Docket No. 12, pp. 2, ¶¶ 5-12.  On July 10, 2018, the Plaintiff filed an Employment Discrimination Complaint with the Equal Employment Opportunity Commission; she was notified of her right to file a formal complaint of discrimination on August 2, 2018, and she did so on August 3, 2018.  *See* Docket No. 12, p. 4, ¶ 24.  The Plaintiff then filed this case on December 30, 2019.  *See* Docket Nos. 1-3.  In her Amended Complaint, the Plaintiff's claims are set forth as follows: (i) Count I, brought under the ADEA, alleging age discrimination and retaliation, and (ii) Count II, brought under Title VII, alleging gender discrimination.

## II. Analysis

The Defendant has moved to dismiss the Plaintiff's Amended Complaint, arguing that the Plaintiff has failed to state a claim because her claims are supported by conclusory allegations.  In support, the Defendant contends:  (i) that the Plaintiff has not made allegations to support an inference that she was treated less favorably due to her gender, (ii) that the Plaintiff has only made speculative and conclusory assumptions that she was treated less favorably because of her age, and (iii) that the Plaintiff has not provided evidence to support a causal connection between her protected activity and the Defendant's failure to promote, as required to establish retaliation.  The Court now makes the following findings.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986)_.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555, 556, 557, 570).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  This requires a determination as to "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

### A. Age and Gender Discrimination

To *prove* a case of age or gender discrimination, "a plaintiff must provide either direct evidence of discrimination or prevail under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973)." *Morman v. Campbell County Memorial Hospital*, 632 Fed. Appx. 927, 933 (10th Cir. 2015) ("Under *McDonnell Douglas,* the plaintiff must first prove a prima facie case of discrimination. If she does so,

-3-

then the burden 'shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action.' If the defendant provides such a reason, 'the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext.'"), *quoting Khalik*, 671 F.3d at 1192.  Here, Defendant contends that there is no direct evidence of discrimination and thus *McDonnell Douglas* applies to proving the Plaintiff's case.  But "the standards for employment discrimination set forth in *McDonnell Douglas* simply do not 'apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.'"  *Morman*, 632 Fed. Appx. at 933 (*quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-511 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement. . . . This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.")).  Rather, the Court is required, under *Twombly* and *Iqbal*, to evaluate the plausibility of the Plaintiff's claims in this case.  And "we can evaluate her claim's plausibility only by considering the prima facie case of discrimination that she would need to prove in court." *Morman*, 632 Fed. Appx. at 933.  Although Plaintiff "need not set forth a prima facie case for discrimination[,] she must allege facts that make such a claim at least plausible." *Id.*

"To prove a prima facie case of age discrimination, a plaintiff must show: 1) she is a member of the class protected by the [ADEA, *i. e.* over forty years old]; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she

6:19-cv-00437-SPS   Document 22   Filed in ED/OK on 05/06/20   Page 5 of 11

was treated less favorably than others not in the protected class." *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 1279 (10th Cir. 2010) (quotation omitted). Furthermore, under the ADEA, age must be the "but-for" cause of the adverse *treatment* at issue. *See Babb v. Wilkie*, _ U.S. _, 140 S. Ct. 1168, 1174 (2020) ("What follows instead is that, under [29 U.S.C. § 633a, which governs federal employment], age must be the but-for cause of *differential treatment*, not that age must be a but-for cause of *the ultimate decision*.") (emphasis in original). As to the Plaintiff's gender discrimination claim, under Title VII, "[t]o set forth a prima facie case of discrimination, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik*, 671 F.3d at 1192. Accordingly, the Court will analyze the sufficiency of both claims in relation to these standards.

For both the age discrimination and general discrimination claims, the Defendant does not challenge that the Plaintiff's Amended Complaint is sufficient to satisfy the first three prongs, which alleges that she was a fifty-nine year old woman at the time she was denied the position, and she was qualified for the position. However, the Defendant asserts that the Plaintiff has not alleged any facts to demonstrate that she was treated less favorably because of her age or gender, *i. e.*, no facts in support of the fourth element of either cause of action.

The Plaintiff alleges in her Amended Complaint that a man in his mid-30s was given the position instead of her, and that he had less experience and fewer qualifications. *See* Docket No. 12, p. 3, ¶¶ 14-17. Additionally, she alleges that in 2017 she had assisted

-5-

another employee in his complaint of age discrimination against the Defendant, reporting ageist comments by a supervisor named Tommy Buckner, in which he stated that the Defendant should favor younger employees over older employees. She alleges that Mr. Buckner made the final decision not to select her for promotion, and that "age, gender (including a combination of gender plus age) and/or her prior report of ageist comments" were "motivating factors" in the Defendant's decision not to promote her. *Id.*, p. 3-4, ¶¶ 18-23.

As to age discrimination, none of the Plaintiff's allegations assert that *she* was treated less favorably because of *her* age, nor do they address the "but for" element related to age discrimination other than her conclusory assertion that age, gender *and/or* her previous report were "motivating factors" in the Defendant's denial of her application for promotion. Nevertheless, the Plaintiff asserts that under "long-standing" Tenth Circuit law, she could establish "a prima facie case by fulfilling *McDonnell Douglas*'s first three criteria and showing that the position was filled by another." *Mortensen v. Callaway*, 672 F.2d 822, 823 (10th Cir. 1982). However, *Mortensen* pre-dates *Twomby* and *Iqbal*, and is in contravention to more recent Tenth Circuit law requiring that the Plaintiff's "must allege facts that make such a claim at least plausible." *Morman*, 632 Fed. Appx. at 933. The Plaintiff also appears to contend that her Complaint lodges an allegation of direct discrimination due to Mr. Buckner's comments and his role as a decisionmaker, but her Amended Complaint merely alleges that he made ageist statements, not that he acted on his discriminatory beliefs, and in any event his statements are too remote to qualify as direct evidence. *See Tabor v. Hilti*, 703 F.3d 1206, 1216 (10th Cir. 2013) ("Comments in the

workplace that reflect personal bias do not qualify as direct evidence of discrimination unless the plaintiff shows the speaker had decisionmaking authority and acted on his or her discriminatory beliefs.  We also have explained that discriminatory statements do not qualify as direct evidence if the context or timing of the statement is not closely linked to the adverse decision.") (citations omitted).  *See also Fassbender v. Correct Care Solutions, LLC*, 890 F.3d 875, 883 (10th Cir. 2018) (statements made a month prior to plaintiff's termination were not direct evidence, in contrast with the statements in *Tabor*, which were made during a job interview and directly related to the Plaintiff's job qualifications).

Moreover, although recent Supreme Court law has stated that the "but-for" requirement is different for private-sector and public-sector employment, the Plaintiff's Amended Complaint meets neither standard as it merely suggests that age might have been a "motivating factor" in the Defendant's decision.  *See Babb*, 140 S. Ct. at 1175-1176 ("In *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), we interpreted the private-sector provision of the ADEA, 29 U.S.C. § 623(a)(1), and held that it requires a plaintiff to prove that "age was the 'but-for' cause of the employer's adverse action." 557 U.S. at 177. But as we previously recognized, the ADEA's private- and public-sector provisions are "couched in very different terms. . . . Section 633(a) requires proof of but-for causation, but the object of that causation is 'discrimination,' *i.e.*, differential treatment, not the personnel action itself.") (*citing Gómez-Pérez* v. *Potter*, 553 U.S. 474, 488 (2008)). Furthermore, the Plaintiff must still prove that age was the but-for cause of the denial of the promotion if she is to recover the requested damages.  *See Babb*, 140 S. Ct. at 1177-1178 ("§ 633a(a) plaintiffs who demonstrate only that they were subjected to unequal

consideration cannot obtain reinstatement, backpay, compensatory damages, or other forms of relief related to the end result of an employment decision.  To obtain such remedies, these plaintiffs must show that age discrimination was a but-for cause of the employment action. . . . [And if Plaintiff shows age was a but-for cause of differential treatment in an employment decision but not a but-for cause of the decision itself], plaintiffs can seek injunctive or other forward-looking relief.").  Accordingly, the Court finds that the Plaintiff has not plausibly alleged a claim for age discrimination under the ADEA.  *See, e. g*., *DePayan v. Wend-Rockies, Inc.*, 2008 WL 2168780, at \*5 (D. Colo. May 21, 2008) ("On its face, Plaintiff's amended complaint fails to allege facts that are sufficient to state a claim in that it fails to provide me with reason to believe Plaintiff has a reasonable likelihood of mustering factual support for these claims or that Plaintiff plausibly, not just speculatively, has a claim for age discrimination under the ADEA."). *See also Stenger v. Deffenbaugh Industries, Inc.*, 2010 WL 11628003, at \*2 (D. Kan. May 10, 2010) ("In his complaint, Plaintiff only alleges that age was a motivating factor.  As stated in *Gross*, though, age must be the 'but-for' factor, not merely a motivating factor.").

The Court likewise finds that the Plaintiff has wholly failed to plausibly assert that she was treated less favorably due to her gender.  In its entirety, the Plaintiff's Amended Complaint asserts that she is a woman, and that the Defendant hired a man.  This is insufficient to state a claim.  *See Morman*, 632 Fed. Appx. at 935 ("Gender alone is insufficient[.]").  Accordingly, the Plaintiff has failed to state a claim for relief of age discrimination of the ADEA and has further failed to state a claim for relief as to gender discrimination under Title VII.

-8-

**B.  Retaliation**

The Court now turns to the Plaintiff's claim of retaliation for engaging in protected opposition to age discrimination.  "To establish a prima facie case of retaliation [under the ADEA], meeting the but-for standard, [the Plaintiff] must show that '(1) he or she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action.'" *Brainard v. City of Topeka*, 597 Fed. Appx. 974, 981 (10th Cir. 2015) (*quoting Hinds v. Sprint/United Mgmt. Co.,* 523 F.3d 1187, 1202 (10th Cir. 2008)).

The Defendant agrees for purposes of this motion that the Plaintiff has sufficiently alleged the first two prongs, *i. e.*, that she engaged in protected opposition to discrimination, and that she found the failure to promote her to be materially adverse.  However, the Defendant contends that the Plaintiff has failed to plausibly allege a but-for causal connection between her engagement in protected opposition to discrimination and the Defendant's failure to promote her.  Although "[a] retaliatory motive may be inferred when an adverse action closely follows protected activity," the termination must be "*very closely* connected in time to the protected activity" or "the plaintiff must rely on additional evidence beyond temporal proximity to establish causation."  *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (noting that "a one and one-half month period between protected activity and adverse action may, by itself, establish causation[,] but that "a three-month period, standing alone, is insufficient to establish causation.") (emphasis in original).  Here, the Plaintiff alleges in her Amended Complaint that her statements in

-9-

support of another employee were put into his EEO complaint in December 2016 and she was identified as a witness in September 2017.  But Plaintiff applied for the position at issue in this case in April 2018 and was denied the position officially on June 11, 2018.  At a minimum, nine months passed between when the Plaintiff was identified as participating in a protected activity and the adverse action in which she was not selected for promotion. Without additional statements supporting a retaliatory motive, this is insufficient to state a plausible claim for relief.  *See Tafoya v. Dean Foods Co.*, 2009 WL 2762738, at *3 (D. Colo. Aug. 26, 2009) ("In the absence of close temporal proximity or other allegations suggesting a causal connection between her 2005 protected conduct and her 2007 termination, Ms. Tafoya fails to state a claim for retaliation[.]").  *See also Fallon v. CTSC, LLC*, 2013 WL 9853376, at *12 (D. N.M. Sept. 26, 2013) ("Absent from the complaint are any allegations suggesting that Defendant acted with a retaliatory motive when it reprimanded and terminated plaintiff[,]" noting no temporal proximity and concluding, "Thus, because the complaint contains no allegations from which the Court could infer a retaliatory motive, the Court concludes that the complaint does not state a claim for retaliation based upon plaintiff's protected activity[.]").  *Cf. Chavez v. Adams County School District No. 50*, 176 F. Supp. 3d 1161, 1175 (D. Colo. 2016) ("[Th]e Court need not decide whether the temporal proximity alone is sufficient to establish causation because other allegations in the Complaint support the inference of a causal connection.").

Finally, the Defendants have requested that any dismissal in this case be with prejudice, but the Plaintiff has requested leave to amend any factually deficient pleadings. She asserts that she is able and willing to supplement with additional factual support.  Fed.

R. Civ. P. 15(a)(2) provides that the "court should freely give leave when justice so requires." Because it does not appear at this juncture that amendment would be futile, *see Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.]"), the Court finds that the Plaintiff should be granted leave to amend her Amended Complaint.

## CONCLUSION

Accordingly, the Court finds that the Defendant's Motion to Dismiss Amended Complaint [Docket No. 15] is hereby GRANTED. Plaintiff has fourteen days to file a Second Amended Complaint.

IT IS SO ORDERED this 6th day of May, 2020.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma

-11-